**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GROUPON, INC.,

            Plaintiff,

        v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

            Defendant.

Case No. 1:16-cv-5064

**JOINT MOTION TO AMEND SCHEDULING ORDER
CONCERNING CLAIM CONSTRUCTION**

Pursuant to the Court's order at the December 20, 2016 status conference, the parties have met and conferred regarding a proposed schedule to accommodate a claim construction hearing to be held on April 3, 2017.  (*See* D.I. 44.)  The parties have agreed to new deadlines for claim construction exchanges and briefing, as set forth in **Section I**.  The parties disagree on the deadlines for the exchange of final contentions pursuant to LPR 3.1 and 3.2 and respectfully request the Court's resolution of that issue.  The parties' respective positions on that issue are set forth in **Section II**.

A transcript of the December 20, 2016 status conference is attached hereto as **Exhibit A**.

**I.      AGREED AMENDED SCHEDULE FOR CLAIM CONSTRUCTION**

The parties have agreed, with the Court's permission, to the following schedule for claim construction exchanges and briefing:

| Event | Current Deadline (*See* D.I. 38) | New Deadline |
|---|---|---|
| Parties will exchange proposed terms for construction and proposed construction per LPR 4.1(a) | Mar. 28, 2017 | Feb. 1, 2017 |
| Parties will meet and confer to agree upon terms or phrases to be submitted to the court for construction per LPR 4.1(b) | Apr. 4, 2017 | Feb. 8, 2017 |
| Defendant to file Opening Claim Construction Brief and Joint Appendix per LPR 4.2(a) | May 2, 2017 | Feb. 17, 2017 |
| Plaintiff to file Responsive Claim Construction Brief per LPR 4.2(c) | May 30, 2017 | Mar. 6, 2017 |
| Defendant to file Reply Claim Construction Brief per LPR 4.2(d) | Jun. 13, 2017 | Mar. 13, 2017 |
| Parties to file joint claim construction chart and joint status report per LPR 4.2(f) | Jun. 20, 2017 | Mar. 20, 2017 |
| Exchange exhibits per LPR 4.3 | No later than three (3) days before the hearing | Mar. 31, 2017 |
| *Markman* hearing | On or before Jul. 18, 2017 | Apr. 3, 2017 (*see* D.I. 44) |

## II.    DISPUTED ISSUES[1]

The parties dispute whether the Court should modify the existing deadlines for the parties' exchange of final infringement, invalidity, and unenforceability contentions (and responsive, final non-infringement, validity, and enforceability contentions) pursuant to LPR 3.1 and 3.2. The parties' proposals are summarized in the table immediately below. Groupon's position is set forth in **Section II.A**. IBM's position is set forth in **Section II.B**.

---

[1] The parties agree that, barring further order of the Court, the deadline for close of fact discovery remains April 2, 2017, as set forth in the Court's August 29, 2016 scheduling order and discovery plan, subject to reopening for good cause shown. (*See* D.I. 38 ¶ 10.) However, it is Groupon's position that because the modification of the claim construction schedule significantly impacts the time allotted for fact discovery under the original schedule, good cause exists to reopen fact discovery once the Court issues its claim construction order. IBM disagrees with that contention. As explained in Section II.B, Groupon has had months to develop its contentions and conduct discovery, and the claim construction process—which should be relatively straightforward in this case—should not "significantly impact" Groupon's time to finalize those contentions or conclude discovery under the existing deadlines.

| Event | Groupon's Proposal | IBM's Proposal |
|---|---|---|
| Parties will serve final infringement contentions and final invalidity and unenforceability contentions per LPR 3.1, and produce documents per LPR 3.3 | Apr. 17, 2017 | Feb. 14, 2017<br><br>(no change from existing scheduling order – *see* D.I. 38 ¶ 6) |
| Parties will serve final non-infringement, enforceability, and validity contentions per LPR 3.2 | May 17, 2017 | Mar. 14, 2017<br><br>(no change from existing scheduling order – *see* D.I. 38 ¶ 7) |

A.      **Groupon's Position**

This Court has previously indicated agreement that current dates for final contentions and final rebuttal contentions be postponed. During the parties' recent appearance, Groupon's counsel, Mr. Thomas Duston, expressed concerns that substantially advancing the date for the claim construction hearing could overburden parties who were simultaneous attempting to complete fact discovery and exchange final and rebuttal infringement, invalidity and unenforceability contentions. Mr. Duston suggested that at least the contention exchanges be postponed so as to open up space on the calendar to accommodate the accelerated claim construction hearing:

> MR. DUSTON: Well, your Honor, it might be possible if we forewent some of the contentions, the next round of them, and to advance a claim construction into that – into that space that's created, perhaps looking at a claim construction rather than in July, say, closer to April or May. . . .

Transcript of Proceedings dated Dec. 20, 2016, Exh. A hereto ("Tr.") at 5:11-16.

Mr. Duston then explicitly sought and received an indication from this Court that it favored this approach:

> MR. DUSTON: . . . If the Court would at least indicate that it would be receptive to possibly a suggestion that we delay or mini-

3

mize some of these contentions, which are obviously going to oc-
cupy a lot of time, too --

THE COURT: Yes.

 MR. DUSTON: -- if we're trying to get this done.

Tr. at 7:9-14.

IBM's counsel, Mr. Jon Hohenthaner, raised no objection following Groupon's proposal.
Indeed, he indicated that IBM was prepared to engage in claim construction exchanges and brief-
ing in January, 2017, well before any previously scheduled exchange of final opening and rebut-
tal contentions. *See* Tr. at 6:5-7 ("We're ready to go forward with proposing terms and getting
the briefing done as early as mid-January, if the Court wants to start it that soon."); *compare* Ini-
tial Scheduling Order, D.I. 38 (setting exchanges of final and rebuttal contentions for Feb. 14,
2017 and Mar. 14, 2017, respectively). In fact, even under IBM's present proposal, no final in-
fringement contentions would have been exchanged before the parties must select claim terms
and exchange proposed claim constructions.

The Court's decision to advance the claim construction hearing was in response to IBM's
demand that this Court adjudicate the validity of the asserted patents before the parties expend
resources on fact discovery or other issues, such as the exchange of contentions. *See, e.g.,* IBM
*Reply in Support of Motion to Dismiss*, D.I. 41 at 1 ("The patent claims here are exactly the type
that should be dealt with now, before the parties and the Court waste the resources with fact dis-
covery and other issues.") Now, however, IBM demands that the parties instead complete all
fact discovery, final and rebuttal contentions, ***and*** briefing of claim construction simultaneously
and on an accelerated schedule. IBM's transparent attempt to use its request for early resolution
to overwhelm Groupon has been, and should again be, rejected.

4

IBM's assertion that it has provided all discovery necessary for the preparation of the final contentions not only misses the point,[2] but is inaccurate. IBM has made a production consisting only of non-confidential marketing and similar literature as part of its initial disclosures. It did not notify Groupon that its source code is available for inspection until months later, on December 7, 2016, and first produced some confidential technical documents on December 16, 2016. Further, IBM has refused to permit Groupon's technical expert to review its source code and confidential technical documents—claiming (contrary to local rules) that no such discovery can proceed until a stipulated protective order is negotiated and entered in this case even though the parties have already agreed on all substantive protective order provisions relating to experts and source code review.

## B.    **IBM's Position**

After careful deliberation, this Court determined that the invalidity arguments raised in IBM's motion to dismiss were potentially persuasive and case-dispositive, and accordingly decided to advance the claim construction process. At the same time, the Court noted that the case should keep moving forward in other respects, explaining that "there is no reason we can't leave the fact discovery as it is in place." (Ex. A at 8:2-3.)

Groupon's proposal does the opposite. By postponing the service of LPR 3.1 and 3.2 final contentions—a fundamental aspect of fact discovery—Groupon's proposal would needlessly create delay. Groupon essentially ignores this Court's specific guidance to keep fact discovery in place "as it is," and instead interprets this Court's single-word response to an inquiry as to whether it would be "receptive to possibly a suggestion [to] delay or minimize

---

2    IBM does not respond the point that the preparation of these extensive contentions would be unduly burdensome given the acceleration of the schedule. The initial contentions of the parties in this matter total over 1100 pages.

[final contention exchanges], which are obviously going to occupy a lot of time" as constituting agreement and approval to delay that aspect of the case. (*See* Ex. A at 7:7-20.) IBM disagrees with that interpretation, and in any event, several reasons exist why the current schedule for final contentions should not be changed.

First, claim construction in this case should be more simple and streamlined than in typical cases. LPR 4.1(b) already limits the parties to a maximum of ten claims or phrases for the Court's consideration, and as the Court noted during the December 20 status conference, the claims at issue here are not particularly complicated. As such, the parties will likely submit even fewer terms for construction. Indeed, to date, Groupon has not identified *any* terms that require the Court's construction. Under the circumstances, there is no reason that Groupon cannot continue preparing final contentions according to the existing schedule while the parties exchange claim construction disclosures and briefing.

Second, to the extent claim construction disputes do exist, the service of final contentions under the current schedule should help the parties to clarify those disputes in advance of the April 3, 2017 *Markman* hearing. By contrast, if the service of final contentions are delayed until after April 3 hearing (as Groupon proposes), it raises the possibility that additional disputes will arise, potentially requiring an additional round of claim construction briefing and another hearing.

Finally, Groupon's argument that it would be "overwhelm[ed]" by having to serve final contentions during the claim construction process should also be rejected because Groupon has already had ample time and opportunity to begin preparing its final contentions. Discovery has

been ongoing for months.[3]  With respect to the final infringement contentions due on February 14 (which claim construction is unlikely to impact in any event), IBM produced its technical documentation and made its source code available for inspection months ago, and it has provided its contentions and discovery responses under the agreed-upon schedule.  Moreover, nearly a month still remains before the first contention-related deadline.[4]  IBM is prepared to provide final contentions under the Court's schedule.  There is no credible reason why Groupon—which brought this case—cannot do the same.

Dated:  January 13, 2017                                        Respectfully submitted,


*Of counsel:*
J. David Hadden
Email:  dhadden@fenwick.com                          By: /s/Tron Y. Fu
Saina S. Shamilov                                                      Thomas L. Duston (IL Reg. No. 6196612)
Email:  sshamilov@fenwick.com                            Tron Y. Fu (IL Reg. No. 6309042)
Phillip J. Haack                                                       MARSHALL, GERSTEIN & BORUN LLP
Email:  phaack@fenwick.com                               233 South Wacker Drive
Adam M. Lewin                                                      6300 Willis Tower
Email:  alewin@fenwick.com                                Chicago, IL 60606-6357
FENWICK & WEST LLP                                        Telephone         (312) 474-6300
801 California Street, 12th Floor                             Facsimile:(312) 474-0448
Mountain View, CA 94041                                     E-Mail:  tduston@marshallip.com
Telephone:     650.988.8500                                   E-Mail:  tfu@marshallip.com
Facsimile:      650.938.5200
                                                                               *Attorneys for Groupon, Inc.*

---

[3] Indeed, at the outset of this case, it was ***Groupon*** that strenuously (and successfully) objected to any stay of case deadlines pending resolution of IBM's motion to dismiss.  (*See* D.I. 37 at 10 ("IBM's attempt to use its motion to dismiss to unnecessarily delay discovery should be rejected.").)  This Court then entered a schedule wherein discovery almost immediately commenced, just as Groupon requested.  Having had the benefit of months of discovery, Groupon's contention now—that the Court's early resolution of claim construction, and therefore IBM's motion, somehow prejudices its ability to conduct discovery—should be rejected.

[4] Notably, Groupon proposes serving final infringement contentions on April 17, 2017—only two weeks after the *Markman* hearing.  If Groupon can prepare final contentions under its own proposal just two weeks after the claim construction process ends, there is no reason it cannot do so in the four-plus weeks remaining under the current schedule.

By:   /s/ Ameet A. Modi
      Kenneth R. Adamo (IL Reg. No. 0010405)
      Brent P. Ray (IL Reg. No. 6291911)
      KIRKLAND & ELLIS LLP
      300 North LaSalle
      Chicago, IL 60654
      Telephone:  (312) 862-2000
      Facsimile:  (312) 862-2200
      Email:  kenneth.adamo@kirkland.com
      Email:  brent.ray@kirkland.com

      John M. Desmarais
      Jon T. Hohenthaner
      Ameet A. Modi
      DESMARAIS LLP
      230 Park Avenue
      New York, NY 10169
      Telephone:  (212) 351-3400
      Facsimile:  (212) 351-3401
      Email:  jdesmarais@desmaraisllp.com
      Email:  jhohenthaner@desmaraisllp.com
      Email:  amodi@desmaraisllp.com

      *Attorneys for Defendant International*
      *Business Machines Corporation*